UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| | SUBCHAPTER V |
| CBS TRUCKING, INC., | CASE NO. 24-35118 (KYP) |
| DEBTOR | |

---------------------------------------------------------------X

## ORDER CONFIRMING DEBTOR'S CONSENSUAL SUBCHAPTER V PLAN

The Debtor's *Amended Chapter 11 Small Business Subchapter V Plan* dated July 1, 2024 [Dkt. No. 53] (the "Plan[1]") having been transmitted to creditors and interested parties as reflected in the Certificate of Service [Dkt. No. 60] in accordance with the *Order (1) Shortening Time for Notice for Hearing on Confirmation of Debtor's Amended Chapter 11 Small Business Subchapter V Plan; (2) Fixing Time for Filing Acceptances or Rejections of Amended Chapter 11 Small Business Subchapter V Plan; and (3) Scheduling a Hearing for Confirmation of Debtor's Amended Chapter 11 Small Business Subchapter V Plan* dated July 12, 2024 (the "Solicitation Procedures Order") [Dkt. No. 59]; and upon the *Certification of Ballots* [Dkt. No. 67]; and upon the *Declaration of Richard Megna in support of the Plan* [Dkt. No. 69]; and the Court having held a hearing on August 6, 2024 to consider confirmation of the Plan ("Hearing"); and upon the record of the Hearing; and the Court having found that the votes on the Plan were solicited and tabulated fairly and in good faith and in accordance with the Solicitation Procedures Order and that the confirmation requirements set forth in Sections 1191 and 1129 of the Bankruptcy Code have been satisfied, now therefore it is hereby Ordered as follows:

1. Plan Confirmation. The Plan is confirmed and all of its provisions are approved except as expressly provided for herein. The Plan complies with Section 1191(a) of the Bankruptcy Code, and the applicable requirements set forth in Section 1129(a) of the Bankruptcy Code are met. The Debtor is authorized and empowered to effectuate

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Plan.

the terms of the Plan. The Debtor, as proponent of the Plan, has complied with the provisions of the Bankruptcy Code. There is a reasonable likelihood that the Debtor will be able to make all payments required under the Plan.

2. Jurisdiction and Venue: This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157(a)-(b) and 1334(b). This is a core proceeding pursuant to 28 U.S.C.§157(b). The Debtor is qualified to be a debtor under Section 109 and Subchapter V of Chapter 11 of the Bankruptcy Code. Venue in this District was, and is, proper pursuant to 28 U.S.C. §§1408 and 1409.

3. Objections. No objections to the Plan were interposed. All objections to confirmation not filed and served prior to the July 31, 2024 deadline for filing objections to the Plan or raised at the hearing on Confirmation, if any, are deemed waived.

4. Further Action. The Debtor and all parties in interest, and their respective attorneys, officers, directors, employees and successors and assigns, are authorized to take all such steps to perform all such actions as are necessary, desirable or appropriate to carry out and give effect to the Plan.

5. Notice of Confirmation Order and Plan Effective Date. In accordance with Bankruptcy Rule 2002 and 3020(c), no later than ten (10) days after the Effective Date, the Debtor shall cause a notice of Confirmation and occurrence of the Effective Date to be served to all parties with the notice of Hearing by email or first-class mail or overnight courier service.

6. Notice of Substantial Consummation:  Pursuant to Section 1183(c) of the Bankruptcy Code, the Debtor shall file a Notice of Substantial Consummation of the Plan within 14 days after the Plan is substantially consummated; and shall also serve such Notice on the United States Trustee and all parties in interest.

7. Final Report: When the Plan has been substantially consummated, counsel for the Debtor, or the Debtor, (a) shall cause to be filed a Final Report and a motion to close

this case under 11 U.S.C. §350(a) and seek entry of a Final Decree; and (b) request that the Court issue a discharge pursuant to Section 1192 of the Bankruptcy Code.

8. <u>Quarterly Progress Reports</u>: Pending the closing of the Debtor's Bankruptcy case, the Debtor shall file quarterly reports of its progress to completing its performance of the Plan, pending such substantial consummation.

9. <u>Discharge</u>: The Debtor is discharged of all debts to the fullest extent provided in 11 U.S.C. §1141.

10. <u>Retention of Jurisdiction</u>. This Court shall retain post-confirmation jurisdiction over the matters set forth in the Plan.

11. <u>Waiver of Rule 3020(e)</u>. Notwithstanding Bankruptcy Rule 3020(e), this Order is effective immediately upon its entry and shall not be stayed.

NO OBJECTION:

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By: <u>/s/ Alicia M. Leonhard</u>
    Alicia M. Leonhard
    Trial Attorney



**Dated: August 8, 2024**
**Poughkeepsie, New York**

/s/ Kyu Y. Paek
_____
**Hon. Kyu Y. Paek**
**U.S. Bankruptcy Judge**